**Gregory T. REDMOND, Appellant**

v.

**FRESH GROCERS STORE.**

No. 10–2533.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Nov. 18, 2010.

Opinion Filed: Dec. 6, 2010.

Gregory T. Redmond, Philadelphia, PA,
pro se.

Before: RENDELL, FUENTES and
SMITH, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Appellant Gregory T. Redmond appeals
from an order of the District Court dis-
missing his complaint against Fresh Gro-
cers Store pursuant to 28 U.S.C. § 1915(e).
We will affirm.

I.

On May 18, 2010, Redmond filed a mo-
tion to proceed in forma pauperis with a
complaint against Fresh Grocers Store
seeking money damages for injuries he
sustained when he allegedly burned his
hand on a heating unit at the store. Red-
mond seeks recovery under the Federal
Food, Drug, and Cosmetic Act, 21 U.S.C.
§§ 301–397 ("FDCA"). He also asserts
claims of negligence, negligent infliction of
emotional distress, intentional and reckless
failure to conform to applicable safety
guidelines, and failure to inform.

The District Court concluded that Red-
mond's claims under the FDCA were
barred because the FDCA does not create
a private right of action and dismissed the
complaint without prejudice to Redmond's
right to proceed with a negligence action
in state court. This appeal followed.

II.

We have jurisdiction over this appeal
pursuant to 28 U.S.C. § 1291. We may
summarily affirm if the appeal presents no

substantial question. *See* 3d Cir. LAR 27.4; I.O.P. 10.6.

### III.

When the District Court dismisses a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2), the District Court must allow the litigant leave to amend his complaint unless any amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir.2002). Here, the District Court correctly concluded that Redmond could not maintain a suit for damages under the FDCA. *See* 21 U.S.C. § 337(a) (restricting FDCA enforcement to suits by the United States); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, 193 F.3d 781, 788–89 (3d Cir.1999) ("It is well settled . . . that the FDCA creates no private right of action.").

On appeal, Redmond argues that his suit should not have been dismissed because sections 2307.73, 2307.78 and 2307.80 of the "Revised Code" allow punitive or exemplary damages from manufacturers or suppliers. It appears that Redmond is attempting to invoke the Ohio Products Liability Act ("OPLA"), Ohio Rev.Code Ann. §§ 2307.71–2370.80, which sets forth the standard of proof required to hold a manufacturer liable for compensatory damages based on a product liability claim. That act, however, does not govern this dispute, and there is no parallel language in the FDCA that would permit Redmond to recover in federal court. We agree that any amendment to Redmond's complaint would be futile.[1] *See Grayson*, 293 F.3d at 106.

### IV.

Accordingly, because there is no substantial question presented, we will summarily affirm. *See* Third Cir. LAR 27.4; I.O.P. 10.6.

---

1. We note that nothing in the District Court's decision prejudices Redmond's right to pursue his state law claims in the appropriate state court.